-O-

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINELA IMBRE,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. CV 07-1182-OP<br><br>MEMORANDUM OPINION AND ORDER |

The Court[1] now rules as follows with respect to the disputed issue listed in the Joint Stipulation ("JS").[2]

**I.**

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 7, 9.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

**DISPUTED ISSUE**

As reflected in the Joint Stipulation, the sole disputed issue which Plaintiff is raising as the grounds for reversal and/or remand is whether the ALJ erred in assessing Plaintiff's residual functional capacity ("RFC"). (JS at 3.)

**II.**

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

**III.**

**DISCUSSION**

The ALJ found that Plaintiff has the RFC to "perform medium exertion work with mild limitations in understanding and remembering tasks, sustaining concentration and persistence, socially interacting with the general public and adapting to workplace changes." (Administrative Record ("AR") at 57.) He concluded that she was able to perform her past relevant work as a laboratory

technician, and, therefore, was not disabled. (Id. at 58.)

On December 27, 2005, Ernest A. Bagner III, M.D., an examining psychiatrist, examined Plaintiff and stated that she had a "history of depressive and anxiety symptoms" with certain mental limitations of functioning (Id. at 375-76.) Specifically, Dr. Bagner opined that Plaintiff would have:

> no limitations interacting with supervisors, peers and the public. She would have zero to mild limitations maintaining concentration and attention and completing simple tasks. She would have mild limitations handling normal stresses at work, completing complex tasks and completing a normal workweek without interruption.

(Id. at 376.)

Although the ALJ stated that he gave weight to Dr. Bagner's opinion, Plaintiff contends that the ALJ failed to mention, and, therefore, rejected the particular limitation regarding inability to complete a normal workweek without interruption, without providing specific and legitimate reasons for doing so and that this error was not harmless.[3] (JS at 6-7.) Plaintiff also contends that this

---

[3] Dr. Bagner also concluded that if Plaintiff "continues with psychiatric treatment, she should be significantly better in less than six months." A person is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also 20 C.F.R. § 416.909. Thus, even if the ALJ interpreted Dr. Bagner's limitation to mean, as Plaintiff suggests, that she was unable to complete a full workweek due to absences, Dr. Bagner also opined that Plaintiff's mental condition was expected to improve "in less than six months." (AR at 376.) Accordingly, because Plaintiff's depressive symptoms and related limitations were not expected to last a twelve month period, the Court finds that error, if any, was harmless. Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1990) (harmless error rule applies to review of administrative decisions regarding disability).

limitation is equivalent to an inability to complete a normal workweek "by even a mild four hours per week." Thus, the ALJ's conclusion that Plaintiff was not disabled was error because Plaintiff would not be able to perform regular and continuous gainful work activity. (Id. at 8.) The Court does not agree.

The law is well established in the Ninth Circuit that to reject the uncontradicted opinion of an examining physician, an ALJ must provide "clear and convincing" reasons. Even if contradicted by another doctor, the opinion of an examining doctor can only be rejected for "specific and legitimate" reasons that are supported by substantial evidence in the record. Regennitter v. Comm'r of Soc. Sec. Admin., 166 F.3d 1294, 1298-99 (9th Cir. 1999); Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995).

Here, after reviewing the evidence of record, the ALJ determined that Plaintiff suffered from the severe impairment of degenerative disc disease of the lumbar and cervical spine. (AR at 56, 57.) While he did not find that Plaintiff suffered from any severe mental impairment, as noted above, the ALJ did find that she had mild mental limitations that might impact functioning. He based this finding on Dr. Bagner's report and on the reports of the state agency reviewing psychiatrists, Brian S. Taylor, M.D., and Robert T. Ferrell, M.D. (See id. at 56, 309-323, 377.) Like Dr. Bagner, Dr. Taylor also noted mild limitations in activities of daily living, maintaining social functioning, and maintaining concentration, persistence, or pace (id. at 319), and found that Plaintiff did not have a severe impairment. (Id. at 323.) Dr. Ferrell reviewed the record and affirmed Dr. Taylor's assessment as written. (Id. at 377.) Therefore, substantial evidence supported the finding of only mild limitations.

The Court notes that the ability to complete a normal workday or workweek without interruption from psychologically based symptoms generally falls within the rubric of the ability to maintain concentration and persistence.

4

See, e.g., SSA Form 4734-FA-Sup, Mental Residual Functional Capacity Assessment form.[4]  Dr. Bagner found Plaintiff's ability to complete a normal workweek without interruption to be only a mild limitation, and the ALJ specifically found that Plaintiff had mild limitations in sustaining concentration and persistence.  In his hypothetical to the vocational expert ("VE"), the ALJ included a mild limitation for sustained concentration and persistence.  (AR at 540.)  The VE stated that with this and other limitations, Plaintiff still could perform her past relevant work at the medium and light levels and could also perform unskilled work at the medium and light levels.[5]  (Id.)  The Court finds the ALJ's hypothetical to the VE and the ALJ's decision to be consistent with Dr. Bagner's opinion of mild limitation.  Thus, Plaintiff's claim that the ALJ rejected that opinion is without merit.

       Finally, Plaintiff attempts to persuade this Court that the phrase "without interruption" is equivalent to the phrase "without absences" and that a mild limitation in the ability to complete a workweek "without interruption" is equivalent to two full days of absence a month.  (See JS at 8-9.)  To this end, Plaintiff's counsel asked the VE whether a person who consistently missed two days of work on average every month (including scenarios of two days a month, one full day every other week, and half a day every week) would be able to maintain competitive employment.  (AR at 541.)  The VE agreed that such a person would not be able to maintain competitive employment.  (Id.)  Contrary to Plaintiff's contention, however, this additional testimony in response to counsel's

---

[4] That same form includes a separate category under the heading of sustained concentration and persistence for the ability to "maintain regular attendance."  SSA From 4734-FA-Sup, Mental Residual Functional Capacity Assessment form.

[5]

questioning adds nothing to the analysis. It is simply a true statement with no relation to the evidence of record. No physician opined that Plaintiff would miss two days of work a month due to her mild limitation in the ability to complete a workweek without interruption or due to her mild limitation in the ability to maintain concentration and persistence. Nor does Plaintiff provide any legal support for the proposition that a mild limitation in the ability to complete a normal workweek "without interruption" equates with two or more days of absenteeism a month. The Court declines to make this leap and agrees with Defendant that the mild limitation suggested by Dr. Bagner is a minimal non-exertional limitation that does not limit Plaintiff's ability to do work beyond the assessed exertional limitation. (JS at 14); see also Hoopai v. Astrue, 499 F.3d 1071, 1077 (9th Cir. 2007) (a moderate non-exertional limitation in the ability to complete a workweek without interruption from psychological symptoms did not require testimony from a VE or preclude use of the Medical-Vocational Guidelines).

## IV.
## ORDER

Based on the foregoing, IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

DATED: May 23, 2008

_____
HONORABLE OSWALD PARADA
United States Magistrate Judge